## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| Tony Fenstermaker, | : | |
| | : | Case No. 2:24-cv-00162 |
| Petitioner, | : | |
| v. | : | Judge Graham |
| | : | |
| Warden, Southeastern | : | Magistrate Judge Shimeall |
| Correctional Institution, | : | |
| | : | |
| Respondent. | : | |

## ORDER

This matter is before the Court upon Petitioner Tony Fenstermaker's objections (doc. 20) to the Report and Recommendations ("R&R") (doc. 17) recommending that his petition for habeas corpus be denied and this action dismissed with prejudice. For the reasons that follow, Petitioner's objections are **OVERRULED**, and the Court **ADOPTS** the recommendations of the Magistrate Judge.

## Background

The habeas petition before the Court concerns Petitioner's guilty pleas entered in two separate cases in the Delaware County Court of Common Pleas. In Case No. 20 CRI 12 0772, Petitioner was indicted on seven (7) counts of Pandering Sexually Oriented Matter Involving a Minor and two (2) counts of Gross Sexual Imposition, in violation of Ohio Revised Code §§ 2907.322(A)(1) and 2907.05(A)(1), respectively. In Case No. 21 CRI 03 0176, Petitioner was indicted on three counts of Having Weapons While Under Disability, in violation of O.R.C. § 2923.13(A)(2).

[1]

Like the Magistrate Judge in the R&R, the Court turns to the opinion of Ohio's

Fifth District Court of Appeals for a summary of the relevant facts and procedural

history:

{¶4} The parties…reached a resolution on both cases and a plea hearing was set for June 29, 2021. A visiting judge presided over the June 29, 2021, hearing. A Crim.R.11(F) plea agreement was signed by Fenstermaker and his attorney in each case on June 28, 2021. The agreements were filed in each case on June 30, 2021.

{¶5} On June 29, 2021, the plea hearing began with the 20 CRI 12 0772 case. Pursuant to the plea agreement, the state dismissed counts 5, 6, and 7 of the Indictment. The Court then proceeded,

| | |
|---|---|
| THE COURT: | Okay. So, Mr. Fenstermaker, are you voluntarily pleading guilty to Counts 1 through 4, the pandering charges, second degree felonies, and Counts 8 and 9, gross sexual imposition, fourth degree felonies? Are you voluntarily pleading guilty to those charges? |
| DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Are you aware that when you enter a guilty plea to these charges, you allow the Court to find you guilty and you give up a number of constitutional rights? |
| | You give up the right to have a jury trial on these charges. At that trial you'd have a right to confront and cross-examine anyone who testifies against you. You'd have a right to issue subpoenas to get witnesses here to testify on your behalf. You'd have the right to require the State to prove your guilt beyond a reasonable doubt. You'd have the right to remain silent throughout the trial. And you would have the right to appeal if any Court rulings or jury verdicts or Court verdicts went against you in a trial. Are you voluntarily giving up those rights with regard to these |

[2]

> four second degree felonies of pandering and these two fourth degree felonies of gross sexual imposition?

DEFENDANT:     Yes, Your Honor.

The trial court continued with the colloquy in compliance with Crim.R. 11(C)(2)(a) and (b) by informing Fenstermaker of the nature of the charges against him, the maximum penalties involved, his eligibility for probation, and the required sex offender registration associated with the convictions. Fenstermaker acknowledged he understood. The trial court inquired if any promises or threats were made to Fenstermaker to obtain his plea. Fenstermaker answered in the negative. The trial court further inquired if the Fenstermaker understood a guilty plea is an admission to the truth of the charges against him. Fenstermaker again confirmed he understood. The trial court further reviewed the Tier I sexual classification registration and reporting requirements with Fenstermaker. Fenstermaker informed the trial judge that he had been advised and understood the sexual offender classification and reporting requirements.

{¶6} The trial court then requested the state provide a statement of facts concerning the 20 CRI 12 0772 case. During this recitation, some confusion arose between the parties. The state insisted that Fenstermaker had touched the "vagina" of the victim; the defenses preferred the state use the term "erogenous zone." The trial judge and counsel then entered into a discussion wherein all parties agreed the distinction would have no effect on the plea agreement. At the time, the state was unwilling to amend its statement of facts. The parties agreed to continue the hearing for Fenstermaker to review discovery previously restricted to counsel only. The plea was continued to the next day, June 30, 2021.

{¶7} The parties returned the next day on June 30, 2021, to complete the plea. The trial court announced the cases and then proceeded to advise Fenstermaker of the maximum penalties and fines with respect to the 20 CRI 12 0772 case. The trial court further informed Fenstermaker of the mandatory sex offender registration. The trial court then advised Fenstermaker of the potential for post-release control and the consequences for violating this supervision. Fenstermaker confirmed he understood. The state then recited the statement of facts, changing its previous language to include the touching of "multiple erogenous zones" rather than the touching of breasts and vagina. No changes were made to the plea agreement. The trial court again inquired if the

[3]

Fenstermaker was pleading voluntarily, and then Fenstermaker responded in the affirmative. The trial court also inquired if any promises or threats were made to obtain Fenstermaker's plea. Fenstermaker responded in the negative. The trial court then held the following colloquy with Fenstermaker:

> THE COURT: Okay. Thank you. Do you admit that you committed the crimes of sexual -- of pandering sexually oriented material involving a minor as alleged in Counts 1, 2, 3, and 4? Do you admit that you committed those crimes?
>
> DEFENDANT: Yes. Yes, Your Honor.
>
> THE COURT: And do you admit that you committed the crime of gross sexual imposition as alleged in Counts 8 and 9?
>
> DEFENDANT: Yes, Your Honor.
>
> THE COURT: Okay. Do you understand the nature of the charges and the possible defenses that you might have?
>
> DEFENDANT: I do, Your Honor.
>
> THE COURT: All right. Are you satisfied with your attorney's advice and confidence?
>
> DEFENDANT: Yes, Your Honor.
>
> THE COURT: And are you under-currently under the influence of any alcohol or drugs?
>
> DEFENDANT: No, Your Honor.
>
> THE COURT: Okay. Then I will accept the -- the pleas and find Mr. Fenstermaker guilty of pandering sexually oriented material involving a minor, second degree felonies as alleged in Counts 1, 2, 3, and 4. I'll enter nolle prosequi as to Counts 5, 6, and 7. And I will find the defendant guilty of Counts 8 and 9, gross sexual imposition.

[4]

After accepting Fenstermaker's pleas in case number 20 CRI 12 0772, the following exchange took place,

MR. WALKER:     Your Honor, I don't know if you still intend to do this later -- I don't mean to rush you -- but we still need to do the plea in the second of the two cases, in 0176.

THE COURT:      I'm sorry. I couldn't hear you very well. Would you—

MR. WALKER:     Your Honor, we still need to complete the plea in 21CR 03 0176. I'm sorry if you had already planned to do that. I just wanted to remind the Court.

MR. KOFFEL:     There's a weapons under disability, a second indictment, Your Honor. Probation did a home visit, found some firearms.

THE COURT:      Okay.

MR. HARRIS:     Do you have that one?

THE COURT:      I probably have it here.

The trial court advised Fenstermaker of the maximum penalties and fines. Further, pursuant to the plea agreement the state agreed to dismiss Count 2 and Count 3 of the Indictment. The following exchange the took place,

THE COURT:      Do you -- do you admit that you committed the crime of having weapons under disability as charged in –

DEFENDANT:      Yes, Your Honor.

The trial court advised Fenstermaker of the potential for post release control and the consequences for violating this supervision. The trial court also inquired if any promises or threats were made to obtain Fenstermaker's plea. Fenstermaker responded in the negative. After a rendition of the facts pertaining to Case Number 21 CRI 03 0176, the trial court accepted Fenstermaker's plea and found him guilty.

[5]

{¶8} The sentencing hearing took place on August 9, 2021, and the court imposed an aggregate 8 year prison term. The sentencing entry was filed August 10, 2021.

Doc. 6, # 160-65. While the appellate court affirmed Petitioner's convictions in the 20 CRI 12 0772 case, it vacated his convictions in the 21 CRI 03 0176 case. *Id.* at # 173. The remaining procedural history in state court is recounted in the R&R and unchallenged by Petitioner and need not be repeated here for the purposes of addressing Petitioner's objections. *See* doc. 17, # 626-27.

Petitioner filed the instant habeas petition, raising four (4) grounds for relief. Grounds 1 and 2 attack the validity of his plea under similar theories. Doc. 1. Grounds 3 and 4 allege ineffective assistance of counsel. *Id.* Petitioner withdrew Ground 4 in his traverse. Doc. 12, # 577. In the R&R, the Magistrate Judge addressed Grounds 1 and 2 together, finding them to be without merit. Doc. 17, # 636. The Magistrate Judge also found Ground 3 to be without merit. *Id.* at # 641. In his objections to the R&R, Petitioner contends that he is solely objecting to the findings as to Ground 1 of the habeas petition.[1] Doc. 20.

## STANDARD OF REVIEW

A district court's adjudication of a petition for habeas corpus is cabined by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104-132, 110 Stat. 1214. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, a district court may not grant a petition for habeas corpus with respect to

---

[1] Though Petitioner writes that he "accepts" the recommendations as to Ground 2, his filing is silent as to Ground 3. Doc. 20.

[6]

any claim that was adjudicated on the merits in a state court proceeding unless the state court proceeding "resulted in a decision that was contrary to, or involved unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015). Additionally, this Court's habeas review is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

When considering objections to a magistrate judge's report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The Court shall adopt any recommendations to which the parties do not object except "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## DISCUSSION

As noted, Petitioner's objections are limited to the Magistrate Judge's recommendations as to Ground 1 of the petition, which states: "Petitioner's plea was invalid because the trial court failed to strictly comply with Crim. R. 11." Doc. 1. As an initial matter, the Magistrate Judge determined that "[a] claim that the trial court

[7]

failed to comply with Ohio Criminal Rule 11 is a state-law claim" and therefore "is not cognizable on federal habeas review." Doc. 17, # 633 (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). However, the Magistrate Judge proceeded to broadly construe the petition to be asserting a claim that the plea was involuntary because it violated Petitioner's Fourteenth Amendment due process rights. *Id.* Nevertheless, the same result followed, as the Magistrate Judge found that the plea at issue was consistent with the Due Process Clause of the Fourteenth Amendment. *Id.* at # 636.

In his objections, Petitioner makes no reference to the Due Process Clause or otherwise signals any intent to proceed with that theory. Rather, Petitioner again cites state rules. Specifically, he argues that his guilty plea should have been considered withdrawn, "pursuant to the presumption of regularity," citing Ohio Criminal Rule 11(G). Doc. 20, # 648. That rule states: "If the court refuses to accept a plea of guilty or no contest, the court shall enter a plea of not guilty on behalf of the defendant. In such cases neither plea shall be admissible in evidence nor be the subject of comment by the prosecuting attorney or court." Ohio Crim. R. 11(G). Petitioner next cites Rule 410(A)(4) of the Ohio Rules of Evidence, which states that "any statement made in the course of any proceedings under Rule 11 of the Rules of Criminal Procedure" is inadmissible. Therefore, Petitioner argues that his plea was invalid because his statements acknowledging his waiver of constitutional rights during the June 29 hearing could not be considered during the June 30 hearing.

The Court is not persuaded. By continuing to rely on state rules, Petitioner has again cast his claim as one that is not cognizable on federal habeas review. Even if it

[8]

were, Petitioner has not cited case law supporting his theory with regard to Ohio Criminal Rule 11(G) and Rule 410 of the Ohio Rules of Evidence. Nothing alleged by Petitioner can be construed as violative of his due process rights under the Fourteenth Amendment.

Petitioner briefly offers one additional argument, claiming that the R&R erroneously opines on the reasonableness of the *analysis* in the state court decision rather than the reasonableness of its *conclusions*. Doc. 20, # 649 (citing *White v. Plappert*, 131 F.4th 465, 477 (6th Cir. 2025), *cert. denied,* 223 L. Ed. 2d 577 (Jan. 26, 2026))[2]. Petitioner bases this argument on the Magistrate Judge's statement that "the Court cannot say it was unreasonable for the Court of Appeals to analyze the voluntariness of Fenstermaker's plea based on the hearings on both June 29, 2021, and June 30, 2021." Doc. 17, # 635-36. Petitioner provides no explanation for how acceptance of this argument would lead to a more favorable result. Indeed, the very next sentence of the R&R states "Habeas relief is not due unless the petitioner can show that no fairminded jurist would have reached the same **conclusion** as the Court of Appeals or that its **conclusion** is contrary to a United States Supreme Court opinion." *Id.* at # 636 (emphasis supplied). Ergo, despite Petitioner's allegation to the contrary, the Magistrate Judge properly considered the conclusion of the state court.

---

[2] In making this argument, Petitioner misapplies the proposition of law articulated in *White v. Plappert* and other cited cases. Those cases distinguish a state court's "bottom-line judgment" from "particular sentences or 'stray thoughts'" because "the fact that a state court opinion may use imprecise shorthand at times provides no grounds for issuing relief." 131 F.4th at 477 (quoting *Rogers v. Mays*, 69 F.4th 381, 391-92 (6th Cir. 2023)).

[9]

## CONCLUSION

The Court finds Petitioner Tony Fenstermaker's objections to the Magistrate Judge's Report and Recommendation to be without merit and are therefore **OVERRULED**. The Court finds no clear error with the portions of the Report and Recommendation to which no objections were raised. Therefore, the Court **ADOPTS** the Report and Recommendation and **ORDERS** that the petition be **DENIED** with prejudice.

The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith and therefore Petitioner is **DENIED** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

<div style="margin-left:50%">

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

</div>

DATE: April 22, 2026